Judge Mills
delivered the opinion of the Court.
This is a controversy for lands under conflicting claims, in which the court below has decided that the defendants shall convey their title to the complainants, and the defendants have appealed.
The complainants claim under an entry, survey and patent on military warrant, within the territory-set apart for the officers aud‘soldiers of the revoju *163 íionary war. The entry was made in 1784, the survey in 1807, and the grant issued in 1810.
Defendant’s claim.
Survey, alad not the-entry, of the military claim') relied upon.
An entry of a removed certificate made with the surveyor,andnot in the county court, is void, and so of the survey: See Walkef vs, Monroe, 2 Marshall 402.
Survey of a military claim, being elder than the re-location of a removed head right claim, is the superior in equity, and the elder grant-shall be. released.
The defendants claim tinder an entry made on a removed certificate, in September 1808, a survey the same year and a patent in 1.810, one day older in date than that of the complainants.
The complainants can derive no aid from their entry, and there is no attempt to-- support it, and they must rely on their survey exclusively.
The defendants entry was made with the surveyor on a removed certificate,.and not in the. county court, and of course, according to previous decisions of this court, it is void, and so is the survey, and the patent alone must be relied on. The question is, did the military survey vest an equity sufficient to,over-hall the defendants grant?
Without searching out from the different, acts of Assembly which permitted locations of land'on the territory appropriated by Virginia, to her officers and soldiers, minutely, the preference given to military'claims, over those authorized by the laws of this State, there is one act, which is decisive of this controversy. It passed on the 19th of February, 18.08, and of course rules the - defendant’s case, as the act was previous to his entry or survey. The provisions on this subject will he found in 2 Pig. L. K.. 778j and is to this effect.,
“From and after the passage of this act, n.o remaned certificate shall he located on any survey made by virtue of airy certificate heretofore granted, or any military entry, or treasury warrant, nor. on any lands the Indian title to which has been extinguished since the year one thousand seven hundred and ninety-three, nor on any land on tvhich any person shall he actually settled, although such, persons may not. have-obtained a certificate for th.e same.”
According to this provision, if the survey made by the holder of a removed certificate) was made on a previous survey, executed under, the authority of a military entry, it was enough, whether the mili: tary survey was made conformable to the entry or *164 not. The certificate holder was estopped to inquire int6 its merits. 'As to him the act vested, a complete equity, which he could not dispute, according to the principles recognized by this court in a controversy somewhat analogous, of Taylor &c. vs. Hardin at this term, 4 Mon. 569.
Cost not allowed; because appellee did not appear;
¡'Gritúnden, 'fbr appellants;
The court below, therefore, did right in decreeing á surrender Of the land and elder grant, and the decree must be affirmed, but without cost, as the appellees have failed to enter their appearance in this court.